IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE DION THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:23-cv-39-TFM-N |
| ) | CRIM. ACT. NO. 1:21-cr-196-TFM-N |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

On December 16, 2025, the Magistrate Judge entered a report and recommendation which recommends Petitioner's initial motion under 28 U.S.C. § 2255 (Doc. 23, filed 1/30/23) be found moot as superseded by the amended motion under § 2255 (Doc. 25, filed 3/3/23 as supplemented by Doc. 26, filed 4/12/24) which should be denied and the petition dismissed with prejudice. *See* Doc. 33. The Magistrate Judge also recommends the denial of a certificate of appealability and the ability to appeal *in forma pauperis*. *Id*.

Petitioner timely submitted objections, and the Respondent timely submitted a response to the objections. *See* Docs. 36. 38. Petitioner raises three specific objections: (1) career offender status, (2) Status points, and (3) ineffective assistance of counsel. Though Petitioner clearly articulates his objections to the Magistrate Judge's findings, at its core, these same matters were raised before the Magistrate Judge and her analysis is sound. As such, Petitioner's objections are overruled.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge (Doc. 33) is

**ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED**:

(1) The Habeas Corpus Motion for 28 U.S.C. § 2255 (Doc. 23) is superseded by the amended motion and therefore **DENIED as moot**;

(2) The Amended Petition/Motion under 28 U.S.C. § 2255 (Doc. 25) as supplemented by the "Relevant Motion to Amend Sentence" (Doc. 26) is **DENIED** and this petition **DISMISSED with prejudice**.

The Court further finds that Thomas is not entitled to a Certificate of Appealability. Additionally, 28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam);[1] *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981). Stated differently:

> This circuit has defined a frivolous appeal under section 1915(d) as being one "'without arguable merit.'" *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). "'Arguable means capable of being convincingly argued.'" *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] §

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.

1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

The Court further certifies that any appeal would be without merit and not taken in good faith and therefore, Hagler is not entitled to proceed *in forma pauperis* on appeal

Final Judgment shall issue separately in accordance with this order and Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 1st day of August, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE